IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NO. 4:98CR75 |
| | § | |
| THEODORE ALBERT GILMORE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 27, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by James Whalen. The Government was represented by Glenn Rocque-Jackson.

On September 27, 2001, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 46 months imprisonment followed by a 5-year term of supervised release for the offense of bank fraud. Defendant began his term of supervised release on April 2, 2004. On February 10, 2009, this matter was re-assigned to the Honorable Marcia A. Crone, United States District Judge.

On March 18, 2009, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 47). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (2) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The petition alleges that Defendant committed the following violations: (1) in January 2009, Defendant traveled outside the Northern District of Illinois judicial to Washington, D.C. without the

1

permission of the court or probation officer; (2) from October 12, 2004 to October 14, 2004, Defendant traveled to Rio de Janeiro with his fraternity brother, Joel Johnson, without the permission of the court or probation officer; and (3) on January 9, 2009, Defendant was arrested by Miami-Dade County, FL, Police for an outstanding Failure to Appear warrant from June 6, 1993, Defendant failed to report said arrest to the U.S. Probation Office within seventy-two hours, and the U.S. Probation Office was notified of the arrest by a Federal Bureau Investigation Flash Notice received on January 16, 2009.

At the April 27, 2009 hearing, Defendant entered a plea of true to the alleged violations.[1] Defendant also waived allocution before a district judge. The Court finds Defendant violated the terms of his supervised release. After hearing argument from counsel as to the proposed sentence, the Court recommended that Defendant's supervised release be revoked based on those violations.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of two (2) months, with 2 years of supervised release to follow. Defendant shall have until May 12, 2009 to self-surrender to commence serving his period of imprisonment. ***Defendant shall self-surrender to the United States Marshal in the Eastern District of Texas.***

---

[1] Prior to Defendant's plea of true, this Court indicated that it would not consider the allegations regarding Defendant's travel to Brazil because Defendant was already judicially reprimanded for such conduct. Therefore, Defendant's plea of true was only as to the other violations alleged.

Upon release from imprisonment, Defendant should be placed on supervised release for a term of 2 years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

Defendant should refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment, and at least two periodic drug tests thereafter, as directed by the probation officer.

Defendant shall not possess a firearm, destructive device, or any other dangerous weapon, as defined in 18 U.S.C. 3563 (b)(8).

Defendant shall cooperate in the collection of DNA as directed by the probation officer.

While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

It is further ordered that Defendant should pay restitution in the amount of $83,664.21. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas

75710. Any amount that remain unpaid when Defendant is placed on supervision is to be paid on a monthly basis at the rate of at least 10% of Defendant's monthly gross income, to be changed during supervision is needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. 3664 (k).

Defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

**SIGNED** this ___ day of April, 2009.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE